MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ROSS E. MORRISON
Assistant United States Attorney
86 Chambers Street -- 3rd Floor
New York, New York 10007
Telephone: (212) 637-2691
Facsimile: (212) 637-2786
E-mail: ross.morrison@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x     **ECF CASE**
NEW YORK CIVIL LIBERTIES UNION,   :

        Plaintiff,   :   **08 Civ. 5674 (PKC)**

    - against -   :   **ANSWER**

UNITED STATES DEPARTMENT OF   :
JUSTICE,
        Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendant United States Department of Justice, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers plaintiff's complaint (the "complaint") upon information and belief as follows:

        1.      The allegations in the first sentence of paragraph 1 of the complaint contain plaintiff's characterization of this action, to which no response is required.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 1 of the complaint, except avers that, in response to a request under the Freedom of Information Act ("FOIA"), in May 2007, the Federal Bureau of Investigation ("FBI") released a document that is attached to the complaint as Exhibit A, and respectfully refers the Court to that document for a complete and accurate statement of its contents.  Denies

the allegations in the third sentence of paragraph 1 of the complaint, except avers that the FBI received a letter dated May 21, 2007, requesting documents under FOIA, which letter is attached to the complaint as Exhibit B, and that defendant responded to that letter-request, which response is attached to the complaint as Exhibit C, and defendant respectfully refers the Court to that letter-request and response for a complete and accurate statement of their contents.

2. Denies the allegations in the first sentence of paragraph 2 of the complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 2 of the complaint. The allegations in the third sentence of paragraph 2 of the complaint contain plaintiff's characterization of this action, to which no response is required.

3. Paragraph 3 of the complaint contains plaintiff's legal conclusions regarding jurisdiction for this action, to which no response is required. To the extent a response is required, denies the allegations in paragraph 3 of the complaint.

4. Paragraph 4 of the complaint contains plaintiff's allegations concerning venue for this action, to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint.

6. Denies the allegations in the first sentence of paragraph 6 of the complaint, except avers that defendant is a federal agency responsible for, among other things, investigating and prosecuting criminal activity in the United States. Admits the allegations in the second and

third sentences of paragraph 6 of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint, except respectfully refers the Court to the USA Patriot Improvement and Reauthorization Act of 2005, Pub. L. No. 109-177, 120 Stat. 192 (2006), for a complete and accurate statement of its provisions.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint, except respectfully refers the Court to the USA Patriot Improvement and Reauthorization Act of 2005, Pub. L. No. 109-177, 120 Stat. 192 (2006), and any reports required thereunder, for a complete and accurate statement of their contents.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint, except respectfully refers the Court to the Federal Agency Data Mining Reporting Act of 2007, Pub. L. No. 110-53, § 804, 121 Stat. 266, 362, enacted August 2007, for a complete and accurate statement of its provisions.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint, except avers that the FBI received letters, dated October 11, 2006, and October 20, 2006, respectively, both from Michael J. Wishnie and Daniel J. Freeman, seeking documents under FOIA, and respectfully refers the Court to those letters for a complete and accurate statement of their contents.

16. Denies the allegations in paragraph 16 of the complaint, except avers that on May 4, 2007, the FBI released a document titled "U.S. Citizenship and Immigration Services/Fraud Detection and National Security Unit, Automated Systems" in response to a request under FOIA, and respectfully refers the Court to that document, and an accompanying letter dated May 4, 2007, both of which are attached to the complaint as Exhibit A, for a complete and accurate statement of their contents.

17. In response to the allegations in paragraph 17 of the complaint, defendant respectfully refers the Court to the document referred to in that paragraph, which is attached to the complaint as Exhibit A, for a complete and accurate statement of its contents.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint, except avers that the FBI received a letter dated May 21, 2007, from Daniel J. Freeman, Michael Wishnie and Corey Stoughton (the "May 21, 2007 FOIA request"; attached to the complaint as Exhibit B), requesting documents under FOIA, and respectfully refers the Court to that letter for a complete and accurate statement of its contents.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint, except avers that the FBI sent Daniel J. Freeman a letter dated August 15, 2007 (the "August 15, 2007 response"; attached to the complaint as Exhibit C), in response to the May 21, 2007 FOIA request, and respectfully refers the Court to the August 15, 2007 response for a complete and accurate statement of its contents.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint, except avers that plaintiff submitted a letter dated September 21, 2007 (the "September 21, 2007 appeal"; attached to the Complaint as Exhibit D), appealing the FBI's August 15, 2007 response, and respectfully refers the Court to the September 21, 2007 appeal for a complete and accurate statement of its contents.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint.

22. Denies the allegations in paragraph 22 of the complaint, except avers that by letter dated March 26, 2007 (attached to the complaint as Exhibit F), defendant's Office of Information and Privacy responded to plaintiff's September 21, 2007 appeal, and respectfully refers the Court to that letter for a complete and accurate statement of its contents.

23. Denies the allegations in paragraph 23 of the complaint, except avers that the FBI has not requested that plaintiff return a copy of the document referred to in paragraph 23 of the complaint.

24. Admits that plaintiff has exhausted its administrative remedies with respect to the May 21, 2007 FOIA request.

25. The allegations in paragraph 25 of the complaint contain conclusions of

law to which no response is required. To the extent a response is required, defendant denies the allegations in paragraph 25 of the complaint.

26.     The allegations in the unnumbered paragraph containing six numbered sub-paragraphs on pages 7 and 8 of the complaint constitute plaintiff's request for relief to which no response is required. To the extent a response is required, defendant denies plaintiff is entitled to any of the requested relief.

### FIRST DEFENSE

The complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE

Some or all of the documents requested by the May 21, 2007 FOIA request are exempt from disclosure. See 5 U.S.C. § 552(b).

### THIRD DEFENSE

The Court lacks subject matter jurisdiction over plaintiff's request for relief that exceeds the relief authorized by FOIA. See 5 U.S.C. § 552.

WHEREFORE, defendant demands judgment dismissing the complaint and granting such further relief as this Court deems just and proper, including costs and disbursements.

Dated: New York, New York
August 6, 2008

> Respectfully submitted,
>
> MICHAEL J. GARCIA
> United States Attorney for the
> Southern District of New York
> Attorney for defendant United States
>  Department of Justice
>
> By: /s/   Ross E. Morrison
> ROSS E. MORRISON
> Assistant United States Attorney
> 86 Chambers Street -- 3rd Floor
> New York, New York 10007
> Telephone: (212) 637-2691
> Facsimile:  (212) 637-2786
> E-mail: ross.morrison@usdoj.gov