**MEMO ENDORSED**

# NYCLU
### NEW YORK CIVIL LIBERTIES UNION

125 Broad Street, 19th FL
New York, NY 10004
212.607.3300 phone
212.607.3318 fax
www.nyclu.org

Matthew Faiella
Staff Attorney
212.607.33__, direct
mfaiella@nyclu.org

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/08

August 7, 2008

*After hearing counsel at a pretrial conference held today and in view of the progress made as outlined in the August 7 letter, I will direct the parties to provide a written status report on or before October 31, 2008*

VIA FACSIMILE

The Honorable P. Kevin Castel
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 2260
New York, NY 10007
Facsimile: (212) 805-7949

Re: *NYCLU v. U.S. Dep't of Justice*, No. 08-5674 (PKC), Joint Letter for Initial Pretrial Conference on August 8, 2008 at 11:30 a.m.

*SO ORDERED*
[signature]
USDJ
8-8-08

Dear Judge Castel:

Pursuant to the Court's Order for Initial Pretrial Conference, dated July 1, 2008, counsel for plaintiff New York Civil Liberties Union and defendant United States Department of Justice ("DOJ") submit this joint letter concerning the above-captioned matter, scheduled for an initial pretrial conference at 11:30 a.m. on August 8, 2008.

This case arises from plaintiff's May 21, 2007 Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request seeking records held by the Federal Bureau of Investigation ("FBI") mentioning or describing any program or operation entitled "Operation Darkening Clouds." Plaintiff claims that this program is a data mining program, which plaintiff defines as a program that collects personal information about individuals in order to reveal previously unknown patterns of past activities and to predict future behavior. Plaintiff also claims that the FBI had previously produced a document in response to another FOIA request that had referred to Operation Darkening Clouds.

In response to plaintiff's FOIA request, the FBI stated that the existence or nonexistence of an Operation Darkening Clouds was classified and that the FBI would not confirm or deny the existence of any records pertaining to such an operation under 5 U.S.C. § 552(b)(1), which protects classified information from disclosure under FOIA.

On June 24, 2008, after exhausting administrative appeals, plaintiff filed this lawsuit, claiming that the DOJ and the FBI, its component agency, violated plaintiff's right to DOJ records under FOIA. Plaintiff requested that this Court (1) assume jurisdiction over this matter, (2) declare that defendant's refusal to confirm or deny the existence of Operation Darkening Clouds violates FOIA, (3) order defendant to disclose any and all requested records subject to disclosure under FOIA, (4) order defendant to

produce a "Vaughn Index," indicating the statutory basis for any redaction or withholding of records, (5) award plaintiff reasonable attorneys' fees under 5 U.S.C. §552(a)(4)(E), and (6) grant other relief the Court deems appropriate.

On August 6, 2008, the Government answered the complaint. The FBI has now determined that it will produce any documents or information responsive to plaintiff's FOIA request that are not subject to any applicable privilege, exemption or other basis for withholding under FOIA or any other applicable law. Currently, the FBI has identified a substantial number of documents that are potentially responsive to plaintiff's request. The administrative processing of these documents, as well as any other potentially responsive documents identified during the FBI's ongoing search, may involve multiple stages, including, among other things, searching files at FBI headquarters and various field offices located around the country for responsive documents; gathering the documents in the FBI's records management offices; scanning the documents into the FBI's FOIA document system; reviewing the classification status of the documents; performing a line-by-line review of the documents for any applicable privilege, exemption or other basis for withholding under FOIA or any other applicable law; and a review by the FBI's Counterterrorism Division of any documents, or portions of documents, that have been deemed potentially releasable. The Government plans to release any documents, or portions of documents, that have been deemed releasable on a rolling basis.

The parties have now conferred, and have agreed that the FBI should continue to administratively process plaintiff's FOIA request. The parties also have agreed that they will continue to discuss plaintiff's FOIA request, and the FBI's processing of that request, with the possible result of being able to identify documents or categories of documents that plaintiff will agree not to seek disclosure of. The parties request that the Court hold periodic status conferences, at which time the Government can update the Court on the status of the administrative processing of plaintiff's FOIA request. The parties request that the Court hold the first conference in approximately 60 days.

The parties thank the Court for its consideration of this matter.

Respectfully submitted,

*Matthew Faiella*
Matthew Faiella (MF 9423)
Tel: (212) 607-3344
Counsel for Plaintiff

MICHAEL J. GARCIA
United States Attorney

By: *Ross Morrison*
ROSS E. MORRISON
Assistant United States Attorney
Tel: (212) 637-2691
Counsel for Defendant