USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/6/08

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

# MEMO ENDORSED

*86 Chambers Street*
*New York, New York 10007*

October 31, 2008

Via Facsimile (212-805-7949)
The Honorable P. Kevin Castel
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

*Further status update due 9, 2009.*
*SO ORDERED*

**RE: New York Civil Liberties Union v. United States Department of Justice, 08 Civ. 5674 (PKC)**

Dear Judge Castel:

This Office represents defendant United States Department of Justice in the above-captioned action. Pursuant to the Court's directive at the pretrial conference held on August 8, 2008, the parties provide this status report concerning this matter.

## I. Status Report

As outlined by the Federal Bureau of Investigation ("FBI") in the parties' August 7, 2008 joint letter to the Court, the administrative processing of plaintiff's FOIA request involves multiple stages, including, among other things, i) searching files within the FBI for responsive documents; ii) gathering the documents; iii) scanning the documents, and then transferring them into the FBI's FOIA document processing system; iv) reviewing the classification status of the documents; v) performing a line-by-line review of the documents for any applicable exemption, privilege or other basis for withholding under FOIA or any other applicable law; and v) a review by the FBI's Counterterrorism Division or any other FBI divisions or offices which have equities in the documents, or portions of documents, that have been determined to be potentially releasable.

Plaintiff's FOIA request calls for a voluminous number of potentially responsive documents. Currently, the FBI has identified and gathered approximately 61,000 pages of documents

potentially responsive to plaintiff's request (the FBI is still in the process of searching for additional, potentially responsive documents).  The FBI has scanned and transferred approximately 16,000 pages of the documents into its FOIA document processing system (an additional approximately 10,000 pages of the documents have also been scanned and are in the process of being transferred to the FBI's document processing system).  The FBI's Classification Unit is presently reviewing these 16,000 pages of documents to determine whether they have the proper classification status and has nearly finished review of approximately 2,500 pages, which will then be reviewed by the Disclosure Unit as to the applicability of any exemption, privilege or other basis for withholding under FOIA or any other applicable law.

In addition, because documents responsive to plaintiff's FOIA request may contain law-enforcement sensitive and/or classified information, any FBI employees who may be involved in processing such documents were required to undergo a special orientation session presented by the FBI's Counterterrorism Division.  On October 16, 2008, over twenty FBI employees attended this session.

Finally, the FBI plans to release any documents, or portions of documents, that have been deemed releasable on a rolling basis.

## II.  The Parties' Agreements

Counsel for the parties have conferred on multiple occasions concerning the FBI's response to plaintiff's FOIA request, and have agreed in principle to the following:

•    A substantial number of documents potentially responsive to plaintiff's FOIA request consist of interview reports ("Interview Reports"), including FBI Form FD-302s and accompanying handwritten notes which memorialize voluntary interviews conducted by FBI agents of Iraqis in the United States, both before and after the Iraqi war began in 2003, with the goal of learning information useful to the military campaign in Iraq.  The FBI has agreed that it will process one hundred Interview Reports and produce any information that is not subject to any applicable exemption, privilege or other basis for withholding under FOIA or any other applicable law, by the next status report date.  Plaintiff will then decide the extent to which, if at all, it seeks additional Interview Reports.  Any Interview Reports that plaintiff agrees not to seek will be deemed non-responsive to plaintiff's FOIA request, in which case the FBI will have no further obligation to process the Interview Reports.

        •      The FBI will search the documents potentially
responsive to plaintiff's FOIA request other than the Interview
Reports (the "non-Interview Reports documents") for a reasonable
number of categories of documents that will be provided by
plaintiff.  The FBI has agreed that it will search at least 3,500
pages of non-Interview Reports documents per month to locate any
documents that fall into any of the categories provided by
plaintiff.  Plaintiff has agreed that all non-Interview Reports
documents which do not fall into any of these categories will be
deemed to be non-responsive to plaintiff's FOIA request, and the
FBI will have no further obligation to search or process them.
After locating any non-Interview Reports documents that fall into
the categories provided by plaintiff, the FBI will process those
documents and produce any information that is not subject to any
applicable exemption, privilege or other basis for withholding
under FOIA or any other applicable law, as promptly as reasonably
possible, and on a rolling basis.

        The parties plan to submit a Stipulation to the Court
setting forth their agreement in more detail.  The parties
request that they also be allowed to submit another status report
to the Court in approximately sixty days.

        The parties thank the Court for its consideration of
this matter.

                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney
                        Counsel for Defendant

                By:

                        ROSS E. MORRISON
                        Assistant United States Attorney
                        Tel: (212) 637-2691


                        Christopher Dunn, Esq.
                        Matthew Faiella, Esq.
                        New York Civil Liberties Union
                        Foundation
                        125 Broad Street    19th Floor
                        New York, New York 10004
                        Counsel for Plaintiff
                        (212) 607-3300