```
┌─────────────────────────┐
│ USDS SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____  │
│ DATE FILED: 1/12/09     │
└─────────────────────────┘
```

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

# MEMO ENDORSED

January 9, 2009

Via Facsimile (212-805-7949)
The Honorable P. Kevin Castel
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

*Next status report due April 10, 2009.*
*SO ORDERED.*
*[signature] Castel, USDJ*
*1-12-09*

RE: **New York Civil Liberties Union v. United States Department of Justice**, 08 Civ. 5674 (PKC)

Dear Judge Castel:

This Office represents defendant United States Department of Justice in the above-captioned action. Pursuant to the Court's November 5, 2008 Order, the parties provide this status report concerning this matter.

As set forth in the parties' last status report, dated October 31, 2008, the parties made a number of agreements concerning the FBI's multi-stage processing of plaintiff's FOIA request. Since the October 31, 2008 status report, the parties have made substantial progress under those agreements, and have continued to work to resolve this matter amicably, as follows:

• As outlined in the October 31, 2008 status report, a substantial number of documents potentially responsive to plaintiff's FOIA request consist of reports of interviews ("Interview Reports"), including, among other things, FBI Form FD-302s memorializing voluntary interviews conducted by FBI agents of Iraqis in the United States, both before and after the Iraqi war began in 2003. Pursuant to the parties' agreement, the FBI has now processed one hundred Interview Reports and produced to plaintiff the information in those documents that the FBI has determined is not subject to any applicable exemption, privilege or other basis for withholding under FOIA or any other applicable law. Plaintiff currently is reviewing the Interview Reports produced by the FBI and will determine the extent to which, if at all, it will seek additional Interview Reports and inform defendant in writing of its determination. Any Interview Reports

that plaintiff agrees not to seek will be deemed non-responsive to plaintiff's FOIA request, in which case the FBI will have no further obligation to search or process those Interview Reports.

- As outlined in the October 31, 2008 status report, plaintiff agreed to provide the FBI with a reasonable number of categories of documents to be used to search the documents potentially responsive to plaintiff's FOIA request other than the Interview Reports (the "non-Interview Reports documents"). On November 21, 2008, plaintiff provided the FBI with the following four categories to be used in searching the non-Interview Reports documents:

    a.  Documents authorizing Operation Darkening Clouds, discussing or explaining its goals, scope and why it was developed, identifying the agencies or offices that would be involved in carrying it out, and explaining how it would be implemented.

    b.  Documents that report, summarize or discuss the results of the interviews conducted or any actions taken in response to those interview results.

    c.  Copies of standard directives to those conducting interviews about how to conduct the interviews and whom to interview, blank interview questionnaires, notices or invitations sent to interviewees, or other form documents used in carrying out Operation Darkening Clouds.

    d.  Documents describing information specifically collected from New York State during the planning and/or carrying out of Operation Darkening Clouds.

The FBI has agreed that, beginning December 1, 2008, it will search at least 3,500 pages of non-Interview Reports documents per month to locate any documents that fall into any of the four categories provided by plaintiff. Plaintiff has agreed that all non-Interview Reports documents which do not fall into any of these four categories will be deemed non-responsive to plaintiff's FOIA request, and the FBI will have no further obligation to search or process them. The FBI has represented to plaintiff that limiting the FBI's search of the non-Interview Reports documents to documents falling into any of the four categories will expedite the FBI's searching and processing of the non-Interview Reports documents.

After searching for and locating any non-Interview Reports

documents that fall into any of the four categories, the FBI will process those documents in accordance with the multiple steps set forth in the October 31, 2008 status report and produce any information in them that is not subject to any applicable exemption, privilege or other basis for withholding under FOIA or any other applicable law, as promptly as reasonably possible. To date, the FBI has searched well over 3,500 pages of non-Interview Reports documents and located several hundred pages of potentially responsive documents that fall into one or more of the four categories.

The parties request that they be allowed to submit another status report to the Court in approximately ninety days. In the parties' October 31, 2008 status report, the parties also indicated that they would submit a Stipulation to the Court setting forth their agreements. Because the parties were unable to agree on a provision concerning potential future claims for attorney's fees, the parties have determined not to submit a Stipulation at this time, but have been and will continue operating under their agreements set forth in the status reports.

The parties thank the Court for its consideration of this matter.

Respectfully submitted,

LEV L. DASSIN
Acting United States Attorney
Counsel for Defendant

By: _____
ROSS E. MORRISON
Assistant United States Attorney
Tel: (212) 637-2691


_____
Christopher Dunn, Esq.
Matthew Faiella, Esq.
New York Civil Liberties Union Foundation
125 Broad Street  19th Floor
New York, New York 10004
Counsel for Plaintiff
(212) 607-3300